UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:            -CIV-

ELAINE SABRA,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,
a foreign corporation,

    Defendant.
_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, ELAINE SABRA, by and through undersigned counsel, and pursuant to Fed.R.Civ.Proc. 8 (a) files this Complaint against the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, hereinafter "CARNIVAL" and alleges as follows:

1. That all conditions precedent to filing this suit have occurred or have been waived by the Defendant, CARNIVAL, including, but not limited to, extending the time in which the Plaintiff could sue the Defendant, CARNIVAL, from the date of the incident beyond the one year statutory and contractual limitation up to and including February 7, 2013.

### I.
### PARTIES

2. ELAINE SABRA is an individual, who is a resident of the State of Florida.

3. CARNIVAL is a corporation organized and existing under the laws of Panama. CARNIVAL has at all times material hereto, kept its principal place of business in Miami-Dade County, Florida, at 3655 Northwest 87th Avenue, Miami, Florida.

## II.
## STATEMENT OF JURISDICTION, VENUE & FORUM SELECTION

4. Venue is proper in this District Court because CARNIVAL has chosen this district by means of a forum selection clause contained in the passenger ticket contract provided by CARNIVAL to ELAINE SABRA. Venue is also appropriate in this district because CARNIVAL resides here. Plaintiff does not have a copy of her cruise passenger ticket, but the Defendant, CARNIVAL does have a copy of the passenger ticket in its sole and exclusive possession. A copy of the cruise passenger ticket taken off of the Defendants' website is attached hereto as **Exhibit A.**

5. This Court has subject matter jurisdiction based on Diversity of Citizenship as provided by Title 28 U.S.C. §1332. The parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. If the Court does not find Diversity of Citizenship venue is proper under the General Maritime Law.

6. To the extent this Court interprets or determines that any part of the claim or claims asserted herein by Plaintiff arises under the law of any state, this Court has supplemental jurisdiction because all the claims asserted herein are part of the same case or controversy under Article III of the United States Constitution.

7. Plaintiff, ELAINE SABRA, has complied with all conditions precedent and pre-suit requirements by providing the Defendant with written notice of her claim as required by the contract of passage issued by CARNIVAL.

## III.
## STATEMENT OF CLAIM

8. On or about December 8, 2011, Plaintiff, ELAINE SABRA, was a paying passenger on board the CARNIVAL ECSTACY which was owned, operated, and maintained by

the Defendant, CARNIVAL.

9. On or about December 8, 2011, while a passenger on the CARNIVAL ECSTACY, the Plaintiff, ELAINE SABRA, was caused to trip and fall down an interior staircase because the Defendant, CARNIVAL, carelessly and negligently failed to properly install and maintain a metal edge strip on one of the treads of the interior staircase and failed to install a handrail on each wall adjacent to the staircase. The handrails were required by SOLAS (International Treaty for Safety Of Life At Sea), FSS (International Code for Fire Safety Systems), Chapter 13; Section 2.2.1. This SOLAS requirement states that "[s]tairways shall be fitted with handrails on each side the maximum clear width between handrails shall be 1,800 mm".

10. That the Defendant, CARNIVAL, owed the Plaintiff, ELAINE SABRA, and all passengers aboard its vessel, CARNIVAL ECSTACY, the duty to use reasonable care under the circumstances to prevent injury to the passengers.

11. The Defendant, CARNIVAL, breached the duty to use reasonable care under the circumstances which it owed to the Plaintiff, ELAINE SABRA, and was negligent in one or more of the following ways:

    a. By failing to properly install and maintain a metal edge strip on one of the treads of an interior staircase that was sticking up high enough to create a tripping hazard thereby creating a dangerous condition for all passengers and specifically the Plaintiff.

    b. By failing to properly inspect and repair the metal edge strip on one of the treads of the interior staircase that was sticking up high enough to create a tripping hazard thereby creating a dangerous condition for all passengers and specifically the Plaintiff.

    c. By failing to install handrails on each side of the staircase as required by

SOLAS; FSS Code, Chapter 13, Section 2.2.1 which requires handrails on each side of the staircase if the maximum width between the handrails is 1,800 mm thereby creating a dangerous condition for all passengers and specifically the Plaintiff.

    d.    That the Defendant knew, or should have known, that the metal edge strip on one of the treads on this interior staircase was sticking up high enough to create a tripping hazard thereby creating a dangerous condition for anyone attempting to use the stairs and this dangerous condition was made worse by the failure of the Defendant to install handrails on each side of the staircase that was wide enough for two individuals to use at the same time.

    e.    That this interior staircase was used to allow passengers to disembark and board the vessel. The Defendant, in the exercise of reasonable care, knew or should have known that passengers, including the Plaintiff, would attempt to use the staircase while another passenger passed by in the opposite direction but the Defendant failed to install a handrail on each side of the staircase creating a dangerous condition for all passengers and specifically the Plaintiff.

    f.    That the Defendant failed to warn the Plaintiff of the dangerous and hazardous condition of the tread, the staircase, and the lack of hand rails on each side of the staircase.

    g.    That the Defendant knew, or should have known, that passengers were permitted to descend and climb the interior staircase at the same time so that one of the passengers would be left without a handrail thereby creating a dangerous condition for all passengers and specifically the Plaintiff.

12.    That on December 8, 2011 immediately after she tripped and fell the Plaintiff, ELAINE SABRA, promptly notified the crew and its medical staff of her severe injuries, the

reason she tripped and fell, and, at the request of the Defendant's agents and/or employees, filled out an accident report so that the Defendant, CARNIVAL, would have all of the information necessary to investigate this accident aboard its ship.

13. That the Defendant, CARNIVAL, had actual notice of the dangerous and unsafe condition or the dangerous and unsafe condition existed for such a length of time that, in the exercise of ordinary and or reasonable care, CARNIVAL should have known about it.

14. That the Defendant, CARNIVAL, knew or should have known that its failure to properly maintain this interior staircase and install handrails on each wall adjacent to the staircase was likely to cause serious injury to a passenger like the Plaintiff, ELAINE SABRA.

15. That the failures, acts, or omissions as set forth above by the Defendant, CARNIVAL, proximately and directly caused the Plaintiff's injuries and damages.

16. That as a direct and proximate result of the Defendant, CARNIVAL's, negligence, actions or omissions as set forth above, the Plaintiff was caused to suffer serious and severe bodily injuries, including, but not limited to, pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, past, present, and future medical care and treatment, aggravation of a previously existing condition, and the loss of the ability to earn money in the past and in the future. The Plaintiff also lost the value of the remainder of her cruise. The Plaintiff, ELAINE SABRA, seeks to recover all elements of her damages as authorized by law.

## DEMAND FOR JURY TRIAL AND JUDGMENT

WHEREFORE, the Plaintiff, ELAINE SABRA, requests a trial by jury on all counts alleged herein, after which, she requests that the Court enter judgment in her favor and against the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, for all

compensatory damages, the costs of this action as authorized by law, pre-judgment interests, and any other such further relief that this Honorable Court finds just under the circumstances.

Dated this 24th day of January 2013.

Respectfully submitted,

By: _____
STEPHEN M. MOON, ESQ.
Florida Bar Number: 747602
smmpa@earthlink.net

Stephen M. Moon, P.A.
96 Willard Street, Suite 305
Cocoa, FL 32922
Telephone:   (321) 632-2262
Facsimile:    (321) 632-6202

Attorney for the Plaintiff: ELAINE SABRA

6